
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUTH VITALIA LINARES POPP; et al., | No. 05-77218 |
| Petitioners, | Agency Nos. A097-587-465 |
| | A097-587-467 |
| v. | A097-587-468 |
| | A097-587-469 |
| ERIC H. HOLDER Jr., Attorney General, | A097-587-466 |
| Respondent. | |
| | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2009**
San Francisco, California

Before: SCHROEDER and LUCERO*** and CALLAHAN, Circuit Judges.

Ruth Linares Popp ("Ruth"), Mauro Gregorio Bendezu ("Mauro") and their

children (collectively "petitioners") petition for review of final orders and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

decisions of the Board of Immigration Appeals (BIA) affirming a decision of an immigration judge (IJ), denying their claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

Petitioners are citizens of Peru, although Ruth is also a citizen of Argentina.[2] Petitioners allege that the Shining Path persecuted them. They allege that in order to escape this persecution, in December of 2001, Ruth and two of the children went to Argentina and stayed with Ruth's sister. Mauro left Peru for the United States in January, 2002. Ruth and the children returned to Peru in February or March of 2002, allegedly because of an Argentinian banking crisis. Ruth and the children came to the United States in September, 2002. Mauro filed an application for asylum, withholding of removability and protection under the CAT on September 11, 2003, one year and nine months after entering the U.S. Ruth and the children all filed their applications on September 11, 2003, exactly one year after they entered the United States.

The BIA found Petitioners credible, but determined that they had failed to show past persecution or an objective basis for a fear of future persecution. In

---

[1]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. 34(a)(2).

[2]    The parties are familiar with the facts of this case and we repeat them here only as necessary.

addition, the BIA found that Mauro had filed his asylum application late and that Ruth had firmly resettled in Argentina. On appeal, petitioners challenge each of these findings.[3]

The BIA's denial of asylum will be affirmed unless the petitioner shows that "any reasonable adjudicator would be compelled to conclude to the contrary." *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (internal quotation marks and citation omitted). We find no compelling reason to contradict the BIA's determination that there was no past persecution because: (1) the alleged acts did not demonstrate an animus against Mauro and Ruth individually; and (2) as petitioners failed to report these incidents, the government could not provide them protection.

Because petitioners have not established past persecution, there is no presumption that they have a well-founded fear of future persecution. *See* 8 C.F.R.

---

[3] An application for asylum is untimely if filed more than one year after the alien's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). This court lacks jurisdiction to review the denial of an untimely asylum application except where there are extraordinary circumstances that would excuse the delay. 8 U.S.C. §§ 1158(a)(3) and 1158(a)(2)(D); *see Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Because Mauro's claim that he delayed seeking asylum based on an unidentified person's advice is not an extraordinary circumstance, his petition for review of the denial of his asylum application is dismissed. However, we have jurisdiction to review Mauro's claim for withholding of removal and for relief under CAT. *See Husyev*, 528 F.3d at 1182.

§ 1208.13(b)(1). In asserting a well-founded fear of future persecution, petitioners rely primarily on their allegations of past persecution, which have already been established as insufficient to compel a conclusion different from that reached by the BIA. Further, the IJ found that the country conditions in Peru have changed, such that the Shining Path's threat is greatly diminished. Therefore, even if petitioners' fear of future persecution is subjectively reasonable, it is not objectively compelling.[4] *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000) (noting the objective component is more demanding and "requires credible, direct, and specific evidence").

In addition, because petitioners fail to establish past persecution or a well-founded fear of future persecution for asylum, they cannot meet the "clear probability" standard required for withholding of removal. *Al-Harbi v. INS*, 242 F.3d 882, 888-89 (9th Cir. 2001). Petitioners also have not presented any evidence that they would be tortured if they are returned to Peru, and therefore, are not eligible for protection under the CAT. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001) (for relief under the CAT, a petitioner must show a likelihood that he will be tortured if returned to a country).

---

[4] Because we find that petitioners' persecution claims lack merit, and because this finding is dispositive, we do not need to decide the question of whether Ruth had firmly resettled in Argentina.

4

Mauro's application for asylum is **DISMISSED** and the remainder of the

Petition for Review is **DENIED.**